Jesse Cowell, OSB # 082940
Chris Roy, OSB # 031777
R. Darrin Class, OSB # 970101
Roy Law Group
1000 SW Broadway, Suite 900
Portland, OR 97205
PH: 503-206-4313
jesse@roylawgroup.com
chris@roylawgroup.com
darrin@roylawgroup.com
Attorneys for Plaintiff, Michael Cummins

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MICHAEL CUMMINS,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br><br>　　　　　　　Defendant. | Case No. 6:20-cv-00241<br><br>COMPLAINT FOR LONG-TERM DISABILITY INSURANCE BENEFITS<br><br>(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B)) |

COMES NOW Plaintiff, Michael Cummins, with a complaint for long-term disability insurance benefits, and alleges against Defendant, Lincoln Life Assurance Company of Boston:

/

Page 1 – COMPLAINT OF PLAINTIFF MICHAEL CUMMINS

## I. CAUSE OF ACTION

1.1

This action is brought on behalf of Plaintiff, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiff seeks to recover from Lincoln Life Assurance Company of Boston ("Lincoln") all unpaid long-term disability ("LTD") benefits pursuant to the terms of a long-term disability policy ("LTD Plan") provided by Astec Industries, Inc. ("Astec") pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiff further seeks reinstatement of his LTD benefits pursuant to the terms of the LTD Plan, from the date of judgment, and absent an improvement in his medical condition, until Plaintiff reaches the age of 67 pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff seeks these remedies, prejudgment and post-judgment interest, plus his costs and reasonable attorney fees pursuant to 29 U.S.C. § 1132(e)(1), (f), and (g).

## II. IDENTIFICATION OF PLAINTIFF

2.1

Plaintiff is a resident of Eugene, Lane County, Oregon.

2.2

Astec employed Plaintiff and offered the LTD Plan to its employees pursuant to ERISA, 29 U.S.C. § 1002(1).

2.3

Plaintiff was a participant under the LTD Plan.

### III. IDENTIFICATION OF DEFENDANT

3.1

At all times material herein, Astec was the sponsor and plan administrator of the LTD Plan pursuant to ERISA, 29 U.S.C. § 1002(16)(B).

3.2

Astec delegated sole discretion to make disability determinations under the LTD Plan to Lincoln.

3.3

At all times material herein, Lincoln was the claims administrator of the LTD Plan, within the meaning of ERISA, 29 U.S.C. § 1002(16)(A).

3.4

The LTD Plan was fully insured by Lincoln, who is wholly responsible for any judgment Plaintiff may obtain through this action for LTD benefits.

### IV. JURISDICTION AND VENUE

4.1

Jurisdiction is conferred on this court by ERISA, 29 U.S.C. § 1132(e)(1), (f), and (g), which gives the United States district courts jurisdiction to hear civil actions brought to recover plan benefits, as well as other declarative relief and attorney fees and costs, under ERISA.

4.2

Venue is proper in this district court pursuant to ERISA, 29 U.S.C. § 1132(e)(2), and pursuant to 28 U.S.C. § 1391 and LR 3-3(a).

## V. STANDARD OF REVIEW

5.1

Defendant's denial of Plaintiff's LTD benefits is reviewed by this court *de novo*.

## VI. FACTS SUPPORTING CLAIM

6.1

Sometime between September 4, 2016, and October 8, 2016, Plaintiff became disabled from his job as a Machine Operator.

6.2

Plaintiff received short-term disability benefits as a result of his disability through April 7, 2017.

6.3

Around February 21, 2017, Plaintiff submitted a claim for LTD benefits.

6.4

Plaintiff's initial claim for LTD benefits was based on a right knee sprain and complex tear of his right medial meniscus.

6.5

Defendant awarded Plaintiff full LTD benefits from April 8, 2017 through April 7, 2019.

6.6

In a letter dated February 28, 2019, Defendant denied LTD benefits to Plaintiff beyond April 7, 2019.

6.7

On August 27, 2019, Plaintiff appealed Defendant's denial of his claim for LTD benefits ("Appeal").

6.8

In the Appeal, Plaintiff provided proof of an ongoing LTD from any occupation, due to continuing effects of his right knee sprain and the complex tear of his right medial meniscus, in addition to completely disabling impairments from a combination of other conditions including severe osteoarthritis, chronic pain, and medication side effects.

6.9

In a letter dated December 12, 2019, Defendant provided a copy of an Independent Medical Examination ("IME") report and updated vocational report, inviting Plaintiff to respond to these reports by January 2, 2020.

6.10

On January 2, 2020, Plaintiff submitted a 28-page response to Defendant's IME and updated vocational reports ("Report Response").

6.11

The Report Response explains that both the IME and updated vocational reports provide support for Plaintiff's right to ongoing LTD benefits.

6.12

In a letter dated January 8, 2020, Plaintiff's appeal was denied and the decision to deny benefits was upheld ("Denial").

6.13

The Denial discusses the Report Response in less than a page.

6.14

Plaintiff has complied with all contractual requirements of the LTD Plan, including but not limited to the submission of sufficient medical proof of his ongoing medical conditions.

6.15

Defendant wrongfully denied Plaintiff's claim for benefits.

6.16

The wrongful denial of Plaintiff's claim for LTD benefits was and still is violation of ERISA, 29 U.S.C. § 1132(a)(1)(B).

6.17

As a direct and proximate result of Defendant's wrongful denial of Plaintiff's LTD benefits, Plaintiff has been damaged in the amount of each unpaid monthly benefit payment from April 8, 2019 through date of judgment.

6.18

As a direct and proximate result of Defendant's wrongful denial of LTD benefits, Plaintiff is entitled to recover pre-judgment interest, which is accruing on each unpaid monthly benefit payment from April 8, 2019 through date of judgment.

6.19

Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff may and does seek clarification of his rights to future benefits, alleging that he meets the LTD Plan's

definition of Disabled and as such he is, and absent any material improvement in his permanent medical condition he will be, so entitled to benefits through the maximum term of the LTD Plan.

6.20

As a direct and proximate result of Defendant's wrongful denial of LTD benefits, Plaintiff has incurred attorney fees and costs that are recoverable pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A.    For gross unpaid monthly LTD benefit payments from April 8, 2019 through date of judgment pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B);

B.    For a declaration that Defendant breached its fiduciary duty to Plaintiff by wrongfully denying Plaintiff's LTD claim, and estopping Defendant from continuing to deny Plaintiff's LTD claim;

C.    For a declaration clarifying Plaintiff's rights under the LTD Plan, holding that absent a material improvement in his medical condition such that Plaintiff is no longer deemed Disabled under the LTD Plan, Plaintiff is entitled to receive his full monthly benefit under the LTD Plan for its remaining term;

D.    For Plaintiff's attorney fees and costs pursuant to ERISA, 29 U.S.C. § 1132(g)(1);

E.    For prejudgment and post-judgment interest; and

F.    For such further relief as the court deems just and equitable.

DATED this 13th day of February 2020.

*s/ Jesse Cowell*
Jesse Cowell, OSB # 082940
Roy Law Group
1000 SW Broadway Suite 900
Portland, OR 97205
PH:   503-206-4313
FAX: 855-344-1726
jesse@roylawgroup.com

Page 8 – COMPLAINT OF PLAINTIFF MICHAEL CUMMINS