**Andrew M. Schpak,** OSB No. 044080
aschpak@barran.com
**Josh M. Goldberg**, OSB No. 180414
jgoldberg@barran.com
BARRAN LIEBMAN LLP
601 SW Second Ave., Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MICHAEL CUMMINS,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | **6:20-cv-00241-MC**<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

For its Answer and Defenses to Plaintiff Michael Cummins' Complaint, Defendant Lincoln Life Assurance Company of Boston ("Lincoln Life"), by and through its counsel, states as follows:

## I. CAUSE OF ACTION

1.1 Lincoln Life admits that Plaintiff's claims are governed by Section 502(a)(1)(B) of 29 U.S.C. § 1132(a)(1)(B)) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln Life admits that Astec Industries, Inc. ("Astec") sponsored the Astec Industries, Inc. Group Disability Plan (the "Plan") to provide disability benefits to certain of its

employees. Lincoln Life admits it issued a Group Disability Income Policy (the "Policy") to Astec, which at certain times, insured long-term disability ("LTD") benefits from the Plan. Lincoln Life admits Plaintiff was, at certain times, employed by Astec, and a participant in the Plan. Lincoln Life admits that by this action, Plaintiff is seeking recovery of LTD benefits from the Plan under the Policy, along with other damages, but Lincoln Life denies Plaintiff is entitled to any such relief or recovery and denies all remaining allegations contained in Paragraph 1.1 of the Complaint.

## II. IDENTIFICATION OF PLAINTIFF

2.1 Lincoln Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies the allegations contained in Paragraph 2.1 of the Complaint.

2.2 Lincoln Life admits Plaintiff was, at certain times, employed by Astec and that Astec sponsored the Plan to provide disability benefits to certain of its employees. Lincoln Life denies all remaining allegations contained in Paragraph 2.2 of the Complaint.

2.3 Lincoln Life admits Plaintiff was, at certain times, a participant in the Plan. Lincoln Life denies all remaining allegations contained in Paragraph 2.3 of the Complaint.

## III. IDENTIFICATION OF DEFENDANT

3.1 Lincoln Life admits that Astec sponsored the Plan to provide disability benefits to certain of its employees and that Astec is the Plan Administrator of the Plan. Lincoln Life denies all remaining allegations contained in Paragraph 3.1 of the Complaint.

3.2 Lincoln Life admits it issued the Policy to Astec and was the claims administrator for claims, including the claim submitted by Plaintiff, for LTD benefits from the Plan under the Policy and has discretionary authority from Astec to make benefit decision under the Policy as further set forth in the Policy, which Lincoln Life refers to as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 3.2 of the Complaint.

/ / /

/ / /



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

3.3 Lincoln Life admits it issued the Policy to Astec and was the claims administrator for claims, including the claim submitted by Plaintiff, for LTD benefits from the Plan under the Policy. Lincoln Life denies all remaining allegations contained in Paragraph 3.3 of the Complaint.

3.4 Lincoln Life admits it issued the Policy to Astec ,which at certain times, insured LTD benefits from the Plan. Lincoln Life denies all remaining allegations contained in Paragraph 3.4 of the Complaint.

## IV. JURISDICTION AND VENUE

4.1 Lincoln Life admits Plaintiff's claims are governed by ERISA and that the benefit plan at issue in this action is an "employee welfare benefits plan," as defined by ERISA. Lincoln Life admits this Court has jurisdiction over this action. Lincoln Life denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 4.1 of the Complaint.

4.2 Lincoln Life admits that venue is proper in this Court. Lincoln Life denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 4.2 of the Complaint.

## V. STANDARD OF REVIEW

5.1 Lincoln Life denies the allegations contained in Paragraph 5.1 of the Complaint.

## VI. FACTS

6.1 Lincoln Life admits Plaintiff was, at certain times, employed by Astec as a Fabrication Machine Operator and that Plaintiff's last day of work at Astec was October 7, 2016. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan under the Policy was determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 6.1 of the Complaint.

/ / /



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

6.2 Lincoln Life admits that Plaintiff submitted a claim for, and at certain times received, short term disability ("STD") benefits from the Plan. Lincoln Life denies all remaining allegations contained in Paragraph 6.2 of the Complaint.

6.3 Lincoln Life admits that Plaintiff submitted a claim for, and at certain times, received LTD benefits from the Plan under the Policy. Lincoln Life denies all remaining allegations contained in Paragraph 6.3 of the Complaint.

6.4 Lincoln Life admits that Plaintiff submitted a claim for, and at certain times, received LTD benefits from the Plan under the Policy. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan under the Policy was determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 6.4 of the Complaint.

6.5 Lincoln Life admits that Plaintiff submitted a claim for, and at certain times, received LTD benefits from the Plan under the Policy. Lincoln Life denies all remaining allegations contained in Paragraph 6.5 of the Complaint.

6.6 Lincoln Life admits that it sent a letter dated February 28, 2019, to Plaintiff's counsel, and Lincoln Life refers to the letter itself for the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 6.6 of the Complaint.

6.7 Lincoln Life admits it received a letter from Plaintiff's counsel dated August 27, 2019, appealing the termination of LTD benefits from the Plan under the Policy, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 6.7 of the Complaint.

6.8 Lincoln Life admits it received a letter from Plaintiff's counsel dated August 27, 2019, along with additional documentation, appealing the termination of LTD benefits from the Plan under the Policy, and Lincoln Life refers to the letter and documents themselves as



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 6.8 of the Complaint.

6.9 Lincoln Life admits that it sent a letter dated December 12, 2019, to Plaintiff's counsel, and Lincoln Life refers to the letter itself for the best evidence of its contents. Lincoln admits that an independent medical exam and occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 6.9 of the Complaint.

6.10 Lincoln Life admits it received a letter from Plaintiff's counsel dated January 2, 2020, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 6.10 of the Complaint.

6.11 Lincoln Life admits it received a letter from Plaintiff's counsel dated January 2, 2020, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 6.11 of the Complaint.

6.12 Lincoln Life admits that it sent a letter dated January 8, 2020, to Plaintiff's counsel, and Lincoln Life refers to the letter itself for the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 6.12 of the Complaint.

6.13 Lincoln Life admits that it sent a letter dated January 8, 2020, to Plaintiff's counsel, and Lincoln Life refers to the letter itself for the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 6.13 of the Complaint.

6.14 Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan under the Policy was determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

for recovery of LTD benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln Life denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 6.14 of the Complaint.

6.15 Lincoln Life denies the allegations contained in Paragraph 6.15 of the Complaint.

6.16 Lincoln Life denies the allegations contained in Paragraph 6.16 of the Complaint.

6.17 Lincoln Life denies the allegations contained in Paragraph 6.17 of the Complaint.

6.18 Lincoln Life denies the allegations contained in Paragraph 6.18 of the Complaint.

6.19 Lincoln Life admits that by this action, Plaintiff is seeking recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 6.19 of the Complaint.

6.20 Lincoln Life admits that by this action, Plaintiff is seeking recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B), along with attorney's fees and costs. Lincoln Life denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 6.20 of the Complaint.

Lincoln Life denies all allegations contained in the WHEREFORE Paragraph of the Complaint, including Paragraphs A-F thereunder, and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claim for prejudgment interest under state law is preempted by ERISA.

3. Plaintiff's claims are barred in whole or in part by waiver, estoppel, or laches.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

4. The standard of review by the District Court in this case should be whether the decision on Plaintiff's claim for LTD benefits was an abuse of discretion because the Policy and relevant plan documents contain sufficient discretionary language.

5. Plaintiff's recovery of benefits, if any, from Lincoln Life is subject to an offset pursuant to the terms of the Policy, which require offset and/or repayment of any award of other income or benefits received by Plaintiff, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration and any disability benefits Plaintiff receives from any commercial disability policy or workers' compensation policy or plan.

6. Lincoln Life expressly reserves the right to amend this Answer to assert such additional affirmative defenses as may appear appropriate on initial Rule 26 disclosures or following discovery in this matter.

7. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

8. The Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

WHEREFORE, Lincoln Life prays that Plaintiff's Complaint and action against it be dismissed with prejudice, that Lincoln Life be awarded its costs and attorneys' fees herein pursuant to 29 U.S.C. § 1132(g), and Lincoln Life be awarded such other relief to which it may show itself entitled.

DATED this 13th day of April 2020.

BARRAN LIEBMAN LLP

By s/ *Andrew M. Schpak*

Andrew M. Schpak, OSB No. 044080
aschpak@barran.com
Josh M. Goldberg, OSB No. 180414
jgoldberg@barran.com

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By s/ *Iwana Rademaekers*

Iwana Rademaekers, Texas Bar No. 16452560
*Pro Hac Vice* pending
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April 2020, I served the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** on the following party at the following addresses:

R. Darrin Class
Roy Law Group
1000 SW Broadway, Suite 900
Portland, OR 97205
darrin@roylawgroup.com

*Attorney for Plaintiff*

by the following indicated method(s) set forth below:

☑ **Electronic Filing Using the Court's ECF System**

☐ **Email**

☐ **Facsimile**

☐ **First-class mail, postage prepaid**

☐ **Hand-delivery**

s/ *Andrew M. Schpak*
Andrew M. Schpak



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212